ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM.*
This disciplinary matter stems from three counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Richard E. Holley, an attorney licensed to practice law in Louisiana:
UNDERLYING FACTS

Tridico Matter

On March 14, 1998, Anthony Tridico, III, paid respondent $800 to represent him in connection with a divorce proceeding. Respondent failed to render the necessary services and failed to refund his client’s money.
On September 13, 1999, Mr. Tridico filed a complaint with the ODC. The ODC forwarded a copy of the complaint to respondent. However, he failed to respond to the ODC’s requests for information during its investigation of the complaint.

Blanchard Matter

On July 10, 1994, Barry Blanchard retained respondent to represent him in a divorce proceeding. Although the trial court rendered a divorce, respondent failed to obtain a signed judgment in the matter.
|gOn October 28, 1998, Mr. Blanchard forwarded a disciplinary complaint to the ODC. Although respondent received a copy of the complaint from the ODC, he failed to answer the complaint. As a re- *47 suit, the ODC was forced to issue a subpoena to him.

Kent Matter

On September 16, 1998, Connie Kent retained respondent for $750 to represent her in a divorce proceeding. Respondent filed the pleadings, but failed to appear for a scheduled hearing. Subsequently, Ms. Kent discharged respondent and engaged new counsel to complete the matter.
On February 1, 1999, Ms. Kent filed a disciplinary complaint with the ODC. Although respondent received notices of the complaint on February 10,1999 and March 8, 1999, he failed to reply. Subsequently, a subpoena was issued compelling his attendance at a scheduled deposition, but he failed to appear. However, respondent submitted a written response acknowledging he neglected the matter and failed to keep his client informed.
DISCIPLINARY PROCEEDINGS

Formal Charges

The ODC filed three counts of formal charges against respondent based on the Tridico, Blanchard and Kent matters. The charges asserted violations of the following provisions of the Rules of Professional Conduct: Rules 1.8 (lack of diligence), 1.4 (failure to communicate), 1.5(f)(6) (failure to refund unearned fees), 8.1(c) (failure to cooperate with the ODC in its investigation) and 8.4(g) (failure to cooperate with the ODC in its investigation).
^Respondent filed an answer to the formal charges, admitting some of the charges. With regard to the Tridico matter, he contended he never intentionally misled his client, and honestly believed that pleadings had been prepared and filed. He acknowledged his debt to Mr. Tridico and agreed to make restitution. He denied all allegations in the Blanchard matter, contending he successfully represented Mr. Blanchard, and that any responsibility for preparing a judgment had been given to the opposing counsel. Finally, he admitted the allegations in the Kent matter, and asserted he made restitution.
The matter was set for formal hearing. However, two days before the hearing date, respondent filed a letter in which he admitted to the misconduct as outline in the formal charges. He requested that the hearing be held for the sole purpose of allowing him to admit mitigating evidence, and for the committee to determine an appropriate sanction.

Formal Hearing

In mitigation, respondent[1] claimed there was no intent on his part to neglect his clients’- matters. Respondent alleged that at the time of the misconduct, he had just started practicing law by himself and that he was overwhelmed with the day to day logistics in running a law office. He conceded that he failed to establish efficient office procedures and lacked a full-time office support staff and a reliable calendaring system. Respondent testified he implemented a new calendaring system that will likely bar the occurrence of future problems. As to restitution, respondent contended he provided full restitution to Ms. Kent, but still owed $800 to Mr. Tridi-co.

14Recommendation of the Hearing Committee

Based on respondent’s admissions, the committee determined there was clear and convincing evidence to support the formal charges. Relying on Standards 4.42, 4.43 and 7.3 of the ABA’s Standards for Imposing Lawyer Sanctions,[1] the *48 committee found the baseline sanction for his misconduct conduct was suspension. As to aggravating factors, it recognized respondent’s prior disciplinary infraction,[2] multiple offenses and substantial experience in the practice of law (admitted in 1982). In mitigation, it recognized, absence of a dishonest or selfish motive, payment of restitution, remorse, remoteness and dissimilarity of prior disciplinary offense and, after initial reluctance, full and free disclosure to disciplinary board and a cooperative attitude.
Based on these factors, the committee recommended that respondent be suspended from the practice of law for a period of six months, fully deferred, subject to a one year probation. It further proposed that respondent be required to attend the Practice Assistance School sponsored by the Louisiana State Bar Association and one seminar or workshop sponsored by the Office of Loss Prevention on law office management, as well as provide proof of restitution to Mr. Tridico and Ms. Kent.

Recommendation of the Disciplinary Board

|sThe disciplinary board concurred with the committee that the record supported the findings that respondent violated Rules 1.3 (lack of diligence), 1.4 (failure to communicate), 1.5(f)(6) (failure to refund unearned fees), 8.1(c) (failure to cooperate with the ODC in its investigation) and 8.4(g) (failure to cooperate with the ODC in its investigation). The board found respondent knowingly and negligently violated duties owed to his clients and to the profession.
Relying on the ABA Standards and aggravating and mitigating factors cited by the committee, the board recommended that respondent be suspended from the practice of law for a period of six months, with all but sixty days deferred, subject to a one year period of probation and the conditions cited by the committee.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
In light of respondent’s admission of misconduct, the sole issue presented for our consideration is the appropriate sanction under the facts. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
A review of the record indicates respondent’s misconduct was more negligent than intentional. Nonetheless, his actions delayed resolution of his clients’ cases.
*49 | ^Aggravating factors are present, including respondent’s substantial experience in the practice of law and his prior disciplinary record. However, we recognize the presence of several significant mitigating factors, such as respondent’s lack of a dishonest and selfish motive, and his payment of restitution.
Under these circumstances, we find a six-month suspension, with all but sixty days deferred, followed by a one year period of probation as recommended by the disciplinary board, to be appropriate under the facts. Accordingly, we will accept the recommendation of the disciplinary board.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is the decision of this court that the recommendation of the disciplinary board be accepted. Accordingly, it is ordered that Richard E. Holley be suspended from the practice of law for a period of six months, with all but sixty days deferred, followed by a one year period of probation, subject to the conditions set forth in the disciplinary board’s recommendation. Respondent is further ordered to make restitution to his clients, and provide proof of restitution to the Office of Disciplinary Counsel. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. Standard 4.42 provides ‘‘[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to *48 a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.” Standard 4.43 provides "[r]eprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.” Standard 7.3 provides "[r]eprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as professional, and causes injury or potential injury to a client, the public, or the legal system.”

. On March 28, 1994, respondent was admonished for engaging in a conflict of interest during his representation of a client. In re: Holley, 94-PDB-010 (3/28/94).