*1198 ATTORNEY DISCIPLINARY PROCEEDINGS.
liPER CURIAM.
This attorney disciplinary proceeding involves one count of misconduct filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Richard E. Holley, an attorney licensed to practice law in Louisiana. Respondent was suspended in 2001 for a period of six months, with all but sixty days deferred, based on conduct unrelated to the instant proceedings. In re: Holley, 01-1876 (La.10/5/01), 797 So.2d 46 (“Holley I ”). Although respondent is eligible for reinstatement, he has not complied with the requirements for reinstatement set forth Supreme Court Rule XIX, § 23; accordingly, he remains suspended from the practice of law.
UNDERLYING FACTS
In 1998, P.M. “Mike” Panepinto retained respondent to institute civil proceedings against his former employer relative to a conti-act dispute. Mr. Panepinto signed a contingency fee agreement and paid respondent approximately $200 in filing fees. Subsequently, respondent failed to take any action on behalf of Mr. Panepinto. Respondent rarely communicated with Mr. Panepinto over the course of the three-year representation. On the occasions when he did so, he falsely represented that *1199 suit had been filed, the court rendered judgment in favor of Mr. Panepinto and the defendants had appealed the adverse ruling to this court.
| ¡¡.Ultimately, Mr. Panepinto learned respondent had never filed suit or communicated with his employer in any respect. In May 2001, Mr. Panepinto forwarded correspondence to respondent terminating the representation and seeking a return of his original documents. Respondent did not return Mr. Panepinto’s property.
Thereafter, Mr. Panepinto filed a complaint with the ODC. The ODC requested information from respondent regarding the complaint. Respondent failed to answer the ODC’s request. The ODC then issued a subpoena to respondent ordering him to appear for deposition. Respondent failed to appear.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed formal charges against respondent asserting violations of Rules 1.3 (lack of diligence), 1.4(a) (failure to communicate), 1.16(d) (failure to return client property at the termination of representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(c) (engaging in conduct involving dishonesty, deceit or misrepresentation) and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
Respondent failed to file an answer. Accordingly, the charges were admitted pursuant to Supreme Court Rule XIX, § 11(E)(3) and the matter was submitted to the hearing committee on documentary evidence. ODC submitted the complaint, Mr. Panepinto’s statement and correspondence directed to respondent. Respondent failed to submit any evidence for the committee’s consideration.

13Recommendation of the Hearing Committee

The committee determined there was clear and convincing evidence respondent neglected his client’s matter, failed to communicate with his client and failed to cooperate with the ODC in violation of Rules 1.3, 1.4, 8.1(c)[1] and 8.4(g), respectively. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the committee found the baseline sanction for this misconduct is suspension. As aggravating factors, it recognized respondent’s pattern of misconduct, multiple offenses, prior disciplinary record and substantial experience in the practice of law.[2] It found no mitigating factors. Based on these factors, as well as jurisprudence from this court, the committee recommended that respondent be suspended from the practice of law for a minimum of one year and one day followed by a one year period of probation.
Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Recommendation of the Disciplinary Board

The disciplinary board concurred with the hearing committee’s factual and legal findings in all respects, except insofar as the board concluded the committee erred in failing to find a violation of Rule 1.16(d) stemming from a failure to return his Ghent’s file and filing fee. It also deter *1200 mined the committee mistakenly failed to find a violation of Rule 8.4(c), recognizing respondent’s misconduct was deceitful and dishonest when he misled his client into thinking suit had been filed and settlement negotiations were ongoing.
I/The disciplinary board found respondent knowingly, if not intentionally, violated duties to his client, the public and the legal profession. While the board noted that it was unclear from the record as to whether Mr. Panepinto experienced actual injury, it determined it was clear that the potential for injury was obvious, citing the fact the prescription period on his claim was still running during the time the case was neglected. Further, the board pointed out that respondent’s failure to cooperate with the ODC caused unjust delays and imposed an additional burden upon the disciplinary system.
In determining an appropriate sanction, the board observed that the instant misconduct occurred in 1998, during the same period of time as respondent’s misconduct subject of Holley I, which occurred between 1994 through 1999. The board determined that if the instant misconduct had been considered together with the misconduct at issue in Holley I, an eighteen-month suspension, with some period deferred, would likely have been imposed. Noting respondent has already served his first suspension in Holley I, which consisted of an actual two-month suspension, the board recommended an additional one year and one day suspension be imposed. It further proposed imposition of a one-year period of probation, to run consecutive to the probation imposed in Holley I. Finally, it recommended respondent be ordered to make payment of restitution.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See, In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports the committee’s finding that the ODC proved by clear and convincing evidence that respondent neglected his client’s legal matter, misrepresented the status of the matter so as to conceal his misconduct, failed to return his client’s property and failed to comply with a subpoena compelling his attendance at a scheduled deposition.
Having found evidence of professional misconduct, the sole issue presented for our consideration is the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. *1201 Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The misconduct at issue in this proceeding occurred in 1998, in the same time frame as the misconduct for which respondent was suspended in Holley I. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when a second attorney disciplinary proceeding involves conduct which occurred |fiduring the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.
The instant charges are similar to the misconduct in Holley I, which involved the neglect of three client matters. In our opinion in Holley I, we observed respondent’s misconduct was more negligent than intentional and recognized the presence of mitigating factors:
A review of the record indicates respondent’s misconduct was more negligent than intentional. Nonetheless, his actions delayed resolution of his clients’ cases.
Aggravating factors are present, including respondent’s substantial experience in the practice of law and his prior disciplinary record. However, we recognize the presence of several significant mitigating factors, such as respondent’s lack of a dishonest and selfish motive, and his payment of restitution.
By contrast, the instant misconduct contains elements of intentional dishonesty. Had we considered the instant misconduct together with the misconduct in Holley I, it is likely we would have imposed a more severe sanction, probably in the range of eighteen months, with some period of deferral and probation. See, e.g., In re: Baum, 02-1658 (La.8/30/02), 825 So.2d 1093 (eighteen-month suspension, with all but one year and one day deferred, followed by probation, imposed on an attorney whose primary misconduct consisted of neglect of two client matters).
Recognizing that respondent has served a two-month actual suspension, we conclude the appropriate sanction for respondent’s misconduct in the instant matter is an additional suspension from the practice of law for a period of one year and one day, which will necessitate a formal application for reinstatement by respondent. Further, if and when respondent is reinstated to practice, he shall be subject to a one 17year period of probation, to run consecutively with the one year period of probation imposed in Holley I.[3]
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered Richard E. Holley, Louisiana Bar Roll number 1422, is suspended from the practice of law for a period of one year and one day. It is further ordered that if and when respondent is reinstated to the practice of law, he shall be subject to a one year period of probation to run consecutive to the one year period of probation imposed by this court in In re: Holley, 01-1876 (La.10/5/01), 797 So.2d 46. Respondent is ordered to make full restitution to his client. All costs and expenses in the mat *1202 ter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent was charged with a violation of Rule 8.1(c) stemming from his failure to cooperate with the ODC. However, the committee mistakenly reported a violation of Rule 1.8(c), relative to conflicts of interest. This appears to be simply a typographical error.

. Respondent was admitted to the practice of law in Louisiana in 1982, approximately sixteen years at the time of the misconduct.

. This court has generally been hesitant to impose probation in cases where the attorney must seek reinstatement, believing such issues are more properly addressed at the time of reinstatement. However, in a Chatelain context, where the attorney is already subject to probation from an earlier suspension, we have sometimes imposed additional probation in calculating a sanction appropriate for the overall misconduct. See In re: Dunn, 02-2165 (La.11/8/02), 831 So.2d 889.