ATTORNEY DISCIPLINARY PROCEEDINGS
| .PER CURIAM.
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Peter Ralph Brigandi, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Count I — Egana Matter
In October, 1998, Shirley Egana retained respondent for $3,000 to represent *1085 her son, Denaud Manscel Egana, in connection with a criminal matter. At the time of retention, Ms. Egana entered into a written flat fee agreement for the criminal representation. After being retained, respondent visited Mr. Egana in prison a couple of times, and made approximately two court appearances to request continuances for his client.
Ultimately, respondent was discharged in January, 1999, shortly before Mr. Ega-na’s case was set to go to trial. At that time, Mr. Egana requested a copy of his file and requested that the unearned fee be returned. When respondent failed to comply, Mr. Egana filed a complaint with the ODC seeking a return of his unearned fee. Respondent did not provide an accounting, nor did he place the disputed portion of the fee in his trust account or refund the unearned portion to his clients. However, flhe eventually instituted a con-cursus proceeding and deposited $2,500 of the fee into the registry of the court.[1]
Count II — Cuccia Matter
In August, 1997, shortly after he was admitted to the practice of law, respondent went to work as a contract attorney at a fixed salary for the law offices of Richard A. Cuccia. He left employment with Mr. Cuccia in May, 1998.
At about this same time, the ODC began investigating reports that Mr. Cuccia was engaged in a scheme whereby he used paid “runners” to solicit personal injury clients. In connection with its investigation of Mr. Cuccia, the ODC asked respondent to give a voluntary sworn statement regarding his employment at Mr. Cuccia’s law office. In his sworn statement, respondent denied having any firsthand knowledge of Mr. Cuccia’s runner-based solicitation scheme.
Mr. Cuccia was ultimately disbarred by this court based on his engaging in a runner-based solicitation operation and his failure to supervise his non-lawyer assistants who were engaging in the unauthorized practice of law. In re: Cuccia, 99-8041 (La.12/17/99), 752 So.2d 796.
Thereafter, the ODC commenced an investigation into whether respondent had been forthright in his sworn statement concerning his knowledge of solicitation activities at Mr. Cuccia’s office. In connection with this investigation, the ODC took a statement from Mr. Cuccia. When asked about respondent’s role in the solicitation scheme, Mr. Cuccia indicated respondent was never directly involved with the ^solicitation of clients or the use of runners.[2] However, he stated he believed that respondent, along with the rest of the office staff, was “absolutely” aware of the firm’s dependence on the solicitation operation, noting that respondent would have had to be “deaf, dumb and blind” to not be aware of the scheme. In support, Mr. Cuccia observed that the office was relatively small (approximately 1,000 square feet) and that runners were on the premises on a daily basis. Mr. Cuccia also stated he mentioned the runner-based solicitation operation to respondent on several occasions.
Based on evidence developed in this investigation, the ODC concluded respondent was deliberately evasive in his earlier voluntary sworn statement to the ODC. It further determined he failed to report Mr. Cuccia’s misconduct.
*1086 DISCIPLINARY PROCEEDINGS
Following its investigation, the ODC instituted two counts of formal charges against respondent. In the first count, involving the Egana matter, the ODC primarily alleged a violation of Rules 1.5(f)(6) (failure to refund unearned advance fee and place disputed fees in trust), 1.15 (failure to promptly deliver client funds and make an accounting) and 1.16(d) (failure to protect client interests upon termination of representation by failing to surrender client papers and refund unearned advance fee) of the Rules of Professional Conduct. As to count two, involving the Cuccia matter, the ODC asserted alleged violations of Rules 3.3(a) (lack of candor to tribunal), 3.4(c) (failure to comply with tribunal orders), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.3 (failure to report professional misconduct), 8.4(a) (violating or attempting to violate the Rules of Professional Conduct), 8.4(c) L(engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct.[3]
Respondent filed an answer essentially denying any misconduct on his part.

Hearing Committee Recommendation

The hearing committee conducted a formal hearing. Although respondent appeared at the hearing, he elected to not testify or present witnesses on his behalf.
Following the hearing, the hearing committee determined the ODC proved respondent violated Rule 1.16(d) in the Ega-na matter by failing to render a timely and accurate accounting to the Eganas. However, the committee declined to find any other rule violations in connection with this count.
As to the Cuccia matter, the committee found respondent did not directly participate in the solicitation scheme, but concluded there was clear and convincing evidence respondent knew of the illegal conduct taking place in Mr. Cuccia’s office. Specifically, the committee stated:
This case presents fine-line questions of knowledge and intent that must be drawn from circumstantial evidence, given [respondent’s] failure to testify.... [T]he evidence does establish clearly and convincingly that the runner program so permeated Cuccia’s office that [respondent] knew or reasonably should have known what was going on. [Respondent] admits that he had a duty to report misconduct; yet in the face of that misconduct (or at least an overwhelming appearance of impropriety — to mix concepts), [Respondent] took nine months to leave, did not investigate, did not confront Cuccia and made no report. [Respondent] turned a willful blind eye.
| ¡¡Based on his failure to report the misconduct of Mr. Cuccia, the committee concluded respondent violated Rules 8.3, 8.4(a) and 8.4(d).
Turning to respondent’s alleged omissions in connection with his sworn statement to the ODC, the committee declined to find a violation of Rule 3.3(a), which involves lack of candor to tribunal, noting that the ODC did not constitute a “tribunal.” However, the committee concluded respondent did not cooperate and deliberately failed to disclose information to the *1087 ODC, in violation of Rules 8.1(b), 8.1(c), 8.4(a), 8.4(c), 8.4(d) and 8.4(g).
As sanctions, the committee recommended imposition of a reprimand and payment of restitution for the misconduct subject of the Egana matter in Count I. As to Count II, relative to the Cuccia matter, the committee proposed respondent be suspended for a period of two years, with all but three months deferred, subject to a supervised twenty-one month period of probation with conditions.
Both respondent and the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board concurred in the committee’s factual findings in the Egana matter. However, the board found the hearing committee committed legal error when it failed to find a violation of Rules 1.5(f)(6) and 1.15. Based on its review of the record, the board determined respondent violated these rules by failing to provide an immediate accounting or placing the disputed funds in trust.
Turning to the Cuccia matter, the board determined the hearing committee erred in finding respondent did not violate Rules 3.3(a) and 3.4(c). The board found that during his sworn statement to the ODC, respondent was under oath and obligated to testify in a forthright manner, but instead gave “deliberate and evasive” answers and 1 ^knowingly failed to disclose in his sworn statement information he knew about Mr. Cuccia’s runner operation.
The board found respondent violated duties owed to his client, the legal system and the profession. Specifically, it recognized respondent failed to provide a timely accounting to the Eganas and, over two and one-half years later, still failed to refund the unearned fee. The committee noted the profession and the legal system were harmed by respondent’s failure to candidly respond to questions under oath and cooperate with the ODC, as well as through his failure to report Mr. Cuccia’s misconduct.
As aggravating factors, the board recognized multiple offenses, deceptive practices during the disciplinary process and refusal to acknowledge the nature of misconduct. In mitigation, it noted respondent’s absence of a prior disciplinary record and inexperience in the practice of law. Finding respondent’s inexperience militates in favor of leniency, the board recommended that respondent be suspended from the practice of law for a period of two years, with all but six months deferred, subject to an eighteen month supervised probation with the condition that he attend the Louisiana State Bar Association’s Ethics School program.
One board member dissented finding insufficient evidence that respondent actually knew or withheld any material facts.
Both the ODC and respondent filed an objection in this court to the board’s recommendation. As such, the matter was docketed for briefing and argument pursuant to Supreme Court Rule XIX, § HG(l)(b).
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an |7independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held *1088 the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Turning first to the Egana matter, we find the record supports the hearing committee’s factual findings that respondent failed to render an accounting to his clients, failed to place the disputed portion of the fee in trust and failed to promptly refund the unearned portion of the fee. These facts unquestionably demonstrate respondent violated Rules 1.5(f), 1.15 and 1.16(d).
The rule violations in the Cuccia matter largely hinge on the question of whether respondent had knowledge of Mr. Cuccia’s solicitation actions at the time of his sworn statement to the ODC. The hearing committee made a factual finding based on the evidence before it that Mr. Cuccia’s solicitation activities permeated Mr. Cuccia’s office to such a degree that respondent had to have known of them. Respondent did not testify at the hearing, but, in oral argument before this court, vigorously asserts that he had no firsthand knowledge of any illegal activities on the part of Mr. Cuccia. However, respondent’s oral argument before this court does not constitute part of the record, and his failure to testify deprived the hearing committee of an opportunity to evaluate his credibility. Based on the record developed in these proceedings, we cannot say the hearing committee was clearly wrong when it determined respondent had knowledge of Mr. Cuccia’s activities, but failed to report this misconduct to the ODC or make a full disclosure to the ODC during his sworn [Sstatement. Therefore, we find respondent’s failure to report Mr. Cuccia’s misconduct constituted a violation of Rules 8.3 and 8.4 and his failure to make full disclosure to the ODC violated Rules 8.1 and 8.4.[4]
 Having found professional violations, we now turn to a discussion of the appropriate sanction. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the .facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
With regard to Count I, respondent’s conduct caused some actual harm to the Eganas by depriving them of their file and funds for a lengthy period of time.
In Count II, respondent’s actions may have caused no palpable harm to any clients, but violated the general duty imposed upon attorneys “to uphold the integrity of the bar.” Louisiana State Bar Ass’n v. Weysham, 307 So.2d 336 (La.1975). Attorneys are often in the best position to witness the systemic harm to the legal profession from organized schemes of misconduct, such as solicitation, which might not be readily apparent to the general public. As a result, our professional rules impose an obligation on all members of the bar to report any misconduct they become aware of in the course of their practice. An attorney’s *1089 failure to do so must be viewed as a serious offense.
|9The primary aggravating factor present in this case is the existence of multiple offenses. In mitigation, we find respondent has absence of a prior disciplinary record and inexperience in the practice of law. Respondent’s inexperience weighs strongly in our consideration of a sanction, as we conclude respondent’s actions in both Count I and II were primarily the products of inexperience in dealing with professional obligations rather than the result of any conscious desire to violate the ethical rules.
Accordingly, we will reprimand respondent for his actions in Count I. For his actions in Count II, we will suspend him for a period of two years, but defer all but six months of that suspension. Following the active part of his suspension, respondent shall be placed on probation for a period of eighteen months, with the condition that he attend the Louisiana State Bar Association’s Ethics School program.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Peter Ralph Brigandi be reprimanded for the conduct forming the basis of Count I. For the conduct forming the basis of Count II, it is ordered that respondent be suspended from the practice of law for a period of two years, with all but six months deferred. Following the active portion of his suspension, respondent shall be placed on supervised probation for a period of eighteen months with the condition he attend the Louisiana State Bar Association’s Ethics School program. Any violation of the condition of probation or any other misconduct during the probationary period may be grounds for making the deferred portion of the suspension ex-ecutory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, |inwith legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The funds were still in the registry of the court at the time of the formal disciplinary hearing. After the hearing committee rendered its report, respondent provided restitution to the Eganas.

. Mr. Cuccia was the only individual in the firm who paid the runners. He stated he was careful to do so behind closed doors in his personal office with no witnesses present.

. The formal charges alleged other professional violations. However, the hearing committee and disciplinary board found there was insufficient evidence to support the allegations. The ODC did not object to these findings. Accordingly, we will not address these other allegations.

. Like the hearing committee, we decline to find violations of Rules 3.3 and 3.4, which relate to lack of candor to a tribunal and failure to comply with a tribunal's order. While the ODC acts under the auspices of this court, it is not the type of "tribunal” contemplated by the professional rules.