ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM*
| jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Gerard N. Torry, an attorney licensed to practice law in Louisiana.
*1039 UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed three counts of formal charges against respondent. Prior to a hearing on the formal charges, respondent and the ODC stipulated to the facts and rule violations at issue. The joint stipulations may be summarized as follows:
Count I — The Sias Matter
Respondent stipulated that he was retained in February 2006 by Earline Sias, the mother of Donald Sias, to represent Mr. Sias and a co-defendant in connection with cocaine possession charges in West Baton Rouge Parish. Respondent received $35,000 in cash for the representation.[1] Respondent was able to arrange a favorable plea deal for the co-defendant in May 2006; however, during a hearing in June 2006, respondent was advised by the court that his continued representation of Mr. Sias presented a conflict of interest. Upon being conflicted out of the case, respondent |2failed to promptly refund the unearned portion of the fee to the Sias family, despite repeated requests from the Sias family, their attorney, and the ODC. In March 2008, respondent agreed in writing to refund $15,000 to the Sias family. As of the date the stipulations were prepared, he had failed to return the funds.[2]
Furthermore, respondent informed the ODC that he did not maintain a client trust account and did not have the funds available to pay the Sias family. Therefore, it does not appear that the disputed portion of the fee was placed into a trust account, as required by the Rules of Professional Conduct.
Finally, respondent did not cooperate with the ODC in its investigation of the Sias matter, in that he failed to respond in a timely manner to the ODC’s repeated requests for confirmation that the funds were returned to the Sias family.
Respondent stipulated that his conduct in the Sias matter violated Rules 1.15(a) (a lawyer shall hold property of clients or third persons that is in a lawyer’s possession in connection with a representation separate from the lawyer’s own property), 1.15(d) (failure to timely remit funds to a client or third person), 1.16(d) (obligations upon termination of the representation), and 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
Count II — The Fortenberry Matter
Respondent stipulated that in October 2005, Barry Fortenberry retained him to pursue a civil suit for fraud involving a promissory note. The representation was based upon an hourly rate and respondent was paid an advance deposit of $2,100 to begin working on the case.
IsBefore the representation was completed, Mr. Fortenberry discharged respondent. By his own admission, respondent owed Mr. Fortenberry at least $761.90, and Mr. Fortenberry requested a refund in April 2007. However, it was not until April 2008 that respondent refunded a total of $1,140 to Mr. Fortenberry. During a March 2008 sworn statement concerning this matter, respondent further admitted that he did not have a trust account and did not have the funds available to pay Mr. Fortenberry at that time.
Respondent stipulated that his conduct in the Fortenberry matter violated Rules 1.5(f)(3) and (5) (payment of fees in ad- *1040 vanee of services), 1.15(a), 1.15(c) (a lawyer shall deposit into a trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred), 1.15(d), and 1.16(d) of the Rules of Professional Conduct.
Count Ill — The Hayes Matter
Respondent stipulated that Ethelene Hayes retained him to represent her niece for an agreed upon fee of $2,000. Ms. Hayes paid respondent $1,200 in November 2005. Ms. Hayes’s niece never appeared for her appointment with respondent, and Ms. Hayes began asking for a refund beginning in May 2006. In February 2007, respondent provided the ODC with a letter claiming he had forwarded a refund to Ms. Hayes in the amount of $800. However, when respondent finally provided a copy of the cashier’s check sent to Ms. Hayes, it showed the check was not issued until November 2007, and then in the amount of $900. During the intervening two-year period, respondent failed to place the disputed portion of the fee into a trust account and failed to promptly refund the undisputed portion of the fee to Ms. Hayes.
| Respondent stipulated that his conduct in the Hayes matter violated Rules 1.5(f)(3) and (5), 1.15(a), 1.15(c), 1.15(d), and 1.16(d) of the Rules of Professional Conduct.

Hearing Committee Report

The hearing on the formal charges was converted to a hearing in mitigation as a result of the stipulations entered into by respondent. After considering the evidence and testimony presented at the hearing, the hearing committee accepted the joint stipulation of facts and considered them admitted. Similarly, the committee accepted the joint stipulation of rule violations and considered that respondent has admitted such violations.
Turning to the issue of the appropriate sanction for respondent’s misconduct, the committee specifically found this case does not involve conversion by respondent. In aggravation, the committee found multiple offenses, substantial experience in the practice of law (admitted 1983), and respondent’s delay in returning unearned fees to Ms. Hayes, Mr. Fortenberry, and the Sias family, particularly noting he did not make restitution to the Sias family for more than three years. In mitigation, the committee found that respondent does not have a prior disciplinary record[3] and lacked a dishonest or selfish motive. The committee also determined respondent’s “compelled” restitution to his three clients after they filed disciplinary complaints against him is neither an aggravating factor nor a mitigating factor.
Further noting respondent is currently employed by Southern University Law School in the Clinical Law Practice Program and has reduced the scope of his private |daw practice, the committee recommended respondent be suspended from the practice of law for one year, with all but thirty days deferred, subject to the following conditions: (1) respondent shall establish and maintain a trust account or otherwise fully comply with the provisions of Rule 1.15; and (2) respondent shall complete the Louisiana State Bar Association’s Ethics School and Trust Accounting School.
The ODC filed an objection to the hearing committee’s report and recommenda *1041 tion, specifically objecting to the committee’s conclusion that respondent’s conduct did not amount to conversion.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board accepted the joint stipulation of facts, reasoning that factual stipulations are binding on the parties and the court when not in derogation of law. However, the board determined stipulations regarding violations of the Rules of Professional Conduct are not binding. Instead, the board conducted an independent de novo review of the record and made its own determinations concerning rule violations. The board further determined the evidence does not establish that respondent converted client funds. Instead, the evidence establishes that he failed to promptly refund unearned fees on three separate occasions, failed to place client and disputed funds in a trust account, and failed to fully cooperate "with the ODC in one investigation.
The board determined respondent knowingly violated duties owed to his clients and the legal profession. His misconduct caused actual harm to his clients by depriving them of their funds for a substantial period of time. Furthermore, respondent’s failure to cooperate with the ODC in the Sias matter required unnecessary expenditures of the disciplinary system’s limited resources. After | f,reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is suspension.
In aggravation, the board found prior disciplinary offenses (respondent’s prior diversion), multiple offenses, and substantial experience in the practice of law. In mitigation, the board found the following factors: absence of a dishonest or selfish motive, personal or emotional problems,[4] and a cooperative attitude toward the disciplinary proceedings.
After further considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year, with all but thirty days deferred, followed by one year of unsupervised probation with the condition that respondent complete Trust Accounting School.[5]
The ODC filed an objection to the disciplinary board’s report and recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
As a threshold matter, we find the disciplinary board erred in rejecting respondent’s stipulations as they pertain to rule violations. In a disciplinary proceeding, the parties are free to enter into such stipulations, and effect must be |7given to them unless they are withdrawn.[6] In this case, considering respondent’s stipulation to the underlying facts and rule violations, *1042 the sole issue presented for our consideration is the appropriate sanction for his misconduct. In resolving that issue, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The stipulations in the record generally support the board’s conclusion that respondent failed to promptly refund unearned fees in three legal matters, failed to place client and disputed funds in a trust account, and failed to fully cooperate with the ODC in one investigation. In In re: Brigandi, 02-2873 (La.4/9/03), 843 So.2d 1083, we publicly reprimanded an attorney who failed to render an accounting to his client, failed to place the disputed portion of a fee in a trust account, and failed to promptly refund the unearned portion of the fee. In light of Brigandi, the actual period of suspension of thirty days recommended by the board does not appear to be unreasonable for respondent’s three instances of similar misconduct.
Accordingly, we will suspend respondent from the practice of law for one year, with all but thirty days deferred, followed by a one-year period of unsupervised probation governed by the conditions set forth by the disciplinary board in its report. | /The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Gerard N. Torry, Louisiana Bar Roll number 2150, be and he hereby is suspended from the practice of law for one year, with all but thirty days deferred, followed by a one-year period of unsupervised probation governed by the conditions set forth by the disciplinary board. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Philip C. Ciaccio, assigned as Justice ad hoc, sitting for Chief Justice Catherine D. Kimball.

. Of this sum, $15,000 was paid on behalf of Mr. Sias and $20,000 was paid on behalf of his co-defendant.

. In November 2009, after the hearing on the formal charges, respondent refunded $15,000 to Earline Sias.

. Although the committee noted respondent participated in the Louisiana State Bar Association's diversion program and completed Ethics School as a result of a 2000 disciplinary complaint, the committee nonetheless found he did not have a significant prior disciplinary record.

. Respondent testified during the mitigation hearing that his son’s health problems and the financial uncertainty and stress associated with operating a solo practice without any support staff significantly impacted his ability to refund the unearned fees due his clients.

. The board did not adopt the committee’s recommendation that respondent attend Ethics School, noting he had attended Ethics School in connection with his prior diversion. The board also declined to adopt the committee's recommendation that respondent be required to open a client trust account because he has already done so.

.If a party seeks to withdraw its stipulations, the matter should be set for a formal hearing on the merits, at which time both parties shall have the right to call witnesses and to present evidence.