CLARK, J.,
dissenting.
|,I respectfully dissent from the majority’s disposition as I feel a harsher sanction is warranted. Particularly, I find the recommendation of the hearing committee to suspend respondent from the practice of law for three years to be, at a minimum, an appropriate measure. Respondent violated duties owed to his clients in failing to communicate with them, diligently represent them, and timely return unearned fees to them. The disciplinary board found respondent made a timely good faith effort to make restitution to his victims; however, I do not agree that restitution made after three or four years of tiresome attempts to contact respondent constitutes a timely effort to refund monies owed.
Further, respondent was convicted of two felony drug offenses, failed to supervise his nonlawyer assistant, and improperly solicited a loan/investment in his law firm from a nonlawyer. The board found the latter conduct was not an express violation of Rule 1.8 (conflict of interest) insofar as it determined respondent had no attorney-client relationship with Ms. Barrios at the time he solicited a loan from her. However, the board seemingly ignored the fact that respondent stipulated to a violation of Rule 1.8. This court recently held “[i]n a disciplinary proceeding, the parties are free to enter into such stipulations, and effect must be given to them unless they are withdrawn.” In re: Torry, 10-837 (La.10/19/10), 48 So.3d 1038. The majority appears to have found significance in the fact that the ODC did not dispute the | ¡board’s finding; thus, it found the parties implicitly withdrew the stipulation. I find the stipulation to be controlling inasmuch as it was not formally withdrawn. Furthermore, the ODC, reasonably relying on the stipulation, was not, in my view, required to dispute the finding, particularly when the ODC originally alleged respondent violated Rule 1.8 and the factual evidence of the case could support such a finding. At the very least, I find respondent to be a manipulator. Ms. Barrios, a seventy-five year old widow, who was frustrated with respondent’s failure to work on her case and who met with respondent only to retrieve her file, agreed to give him $15,000 as an “investment in his law practice.” This ability to change a victim’s mind set from frustration to one of assistance and generosity is a telling sign of a con artist and is behavior that should not be looked upon lightly.
Lastly, this court has repeatedly deferred to the evaluations made by the hearing committee members, as they have had the benefit of hearing the live testimony of witnesses, and act as the eyes and ears of this court. See In re: Holliday, 09-0116 (La.6/26/09), 15 So.3d 82; In re: Bolton, 02-0257 (La.6/21/02), 820 So.2d 548. Based on the egregious facts of this case and the pattern of misconduct, the majority’s deviation from the hearing committee’s recommendation is unwarranted. I would impose, at a minimum, a three-year suspension with no time deferred, as recommended by the hearing committee.