ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
_JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Frank T. Fradella, an attorney licensed to practice law in Louisiana.
FORMAL CHARGES
In 2005 and 2006, several insurance companies, namely Mothe Life, Lafourche Life, Dixie Life, and Evangeline Life (hereinafter collectively referred to as the *650 “companies”), which share common ownership and management, made nine loans to Robert and Nicole Armbruster and a limited liability company that they owned. When the loans went into default, the companies engaged respondent to enforce their rights under the mortgages securing these loans, including foreclosure of the properties affected by the mortgages.
In connection with the foreclosure, respondent billed the companies for costs and fees totaling $17,550, which was thereafter advanced to him. Prior to his filing any petitions or making any deposits, respondent’s services were terminated. He was asked to refund the cost and expense deposits, to no avail, although his final billing totaled only $8,418.
During his first sworn statement, taken in January 2011, respondent acknowledged his receipt of the $17,550. According to respondent, he may have earned $7,000 to $7,500 for the work that he did, but he also admitted that he was |Boverpaid, that he likely owed a refund to the companies, that he remained in possession of disputed funds, and that he had not taken any steps to arbitrate the issue.
During his second sworn statement, taken in May 2011, respondent produced a deposit slip reflecting that the advanced funds were deposited into his operating account, rather than his trust account.
DISCIPLINARY PROCEEDINGS
In February 2012, the ODC filed one count of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5 (failure to refund an unearned fee), 1.5(f)(4) (advance deposit for costs and expenses must be placed in the lawyer’s trust account), 1.5(f)(5) (failure to hold disputed funds in trust), 1.15(a) (safekeeping property of clients or third persons), 1.15(c) (when a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests), and 1.15(d) (failure to timely remit funds to a client or third person).
Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(8). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

IsHearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee made factual findings consistent with the deemed admitted factual allegations of the formal charges. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged.
The committee further determined that respondent violated duties owed to his client. Given that no corrective action was taken even after he acknowledged that monies were owed, respondent acted intentionally and caused harm to his client.
In aggravation, the committee recognized that respondent has a prior disciplinary record.[1] In mitigation, the committee *651 noted that respondent’s personal struggles may have affected his judgment in the matter, but declined to find that his problems were sufficient to excuse his actions.[2]
Based on the totality of the record, and in light of “the guidelines established,” the committee recommended that respondent be suspended from the practice of law for three years. The committee also strongly recommended that prior to the filing of any petition for reinstatement, respondent be required to satisfy his obligations to his former clients. Finally, the committee recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.
| ¿Disciplinary Board Recommendation
After reviewing the record, the disciplinary board adopted the deemed admitted factual allegations of the formal charges as the factual findings. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges, except to the extent that the committee’s findings appear to conclude that all provisions under Rule 1.5 were violated.[3] The board found that only subsections (f)(4) and (f)(5) of Rule 1.5 are relevant in this matter.
In addition, the board noted that the ODC had alleged violations of Rules 8.4(a)(violation of the Rules of Professional Conduct) and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) in its deemed admitted submission. Because the formal charges provided a detailed account of underlying facts that would give respondent fair and adequate notice of the nature of the professional violations alleged by the ODC, the board found a violation of Rule 8.4(a). However, the board declined to find a violation of Rule 8.4(c), noting that nothing in the formal charges would put respondent on notice of this allegation. Moreover, the record contains insufficient evidence to establish that respondent intended to deceive or defraud his client. There is no evidence of bank statements or account balances to substantiate the claim that respondent intentionally spent the funds that were advanced for costs and expenses. Rather, the record demonstrates that respondent believed he earned the advancement for legal services he rendered in preparation for the foreclosures, in addition to handling other client matters.
The board determined respondent violated duties owed to his client. He knowingly deposited funds advanced for costs and expenses into his operating account rather than his client trust account and failed to return the unused/unearned | sportion or, alternatively, submit the matter to arbitration. His conduct caused actual harm. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is suspension.
The board found the following aggravating factors present: a prior disciplinary *652 record, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (admitted 1988), and indifference to making restitution.[4] The board found the mitigating factor of personal or emotional problems present.
After considering the court’s prior jurisprudence involving similar misconduct, the board determined that a more lenient but nevertheless substantial suspension than the three years as recommended by the committee is appropriate, and recommended that respondent be suspended from the practice of law for two years.[5] The board also recommended that respondent be required to submit the matter to the LSBA’s Fee Dispute Resolution Program, and that he be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
| ^DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent failed to deposit fee and expense advancements into his client trust account and failed to return the unearned and unused portions to his client, even after a dispute arose and respondent acknowledged that he may owe his client a refund. Based on these facts, respondent has vio *653 lated the Rules of Professional Conduct as found by the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the 17profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
The record supports a finding that respondent knowingly violated duties owed to his client, and that his conduct caused harm to his client. Under the ABA’s Standards for Imposing Lawyer Sanctions, suspension is the baseline sanction for this type of knowing misconduct. We agree with the aggravating and mitigating factors found by the board.
In Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), we set forth guidelines for imposing discipline in a conversion case:
In a typical case of disbarment for violation of DR 9-102 [now Rule 1.15], one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings.
A three year suspension from practice typically results in cases involving similar but less aggravated factors. In such cases the lawyer is guilty of at least a high degree of negligence in causing his client’s funds to be withdrawn or retained in violation of the disciplinary rule. He usually does not commit other fraudulent acts in connection therewith. The attorney usually benefits from the infraction but, in contrast with disbarment cases, the client may not be greatly harmed or exposed to great risk of harm. The attorney fully reimburses or pays his client the funds due without the necessity of extensive disciplinary or legal proceedings.
A suspension from practice of eighteen months or two years will typically result where the facts are appropriate for a three-year suspension, except that there are significant mitigating circumstances; or where the facts are appropriate for a one-year suspension, except that there are significant aggravating circumstances.
A suspension from practice of one year or less will typically result where the negligence in withdrawing or retaining client funds is not gross or of a high degree. No |8other fraudulent acts are committed in connection with the violation of the disciplinary rule. There is no serious harm or threat of harm to the client. Full restitution is made promptly, usually before any legal proceeding or disciplinary complaint is made.
Hinrichs, 486 So.2d at 122-123 (citations omitted).
The deemed admitted facts in this case establish that respondent received $17,550 in advance costs and fees from his client. Upon receipt, he deposited the funds into his operating account, rather than a client trust account. Although respondent maintains that he earned a substantial portion of the advancement, his services were terminated prior to his filing of any petitions or making any deposits, and there is no *654 indication that he has refunded the unused/unearned portion.
While it appears that this case falls on the higher end of the Hinrichs range, ie., a three-year suspension, the board found this sanction to be somewhat harsh. We agree. A recent case involving similar misconduct is In re: Torry, 10-0837 (La.10/19/10), 48 So.3d 1038. In Torry, an attorney failed to promptly refund unearned fees in three legal matters, failed to place client and disputed funds in a trust account, and failed to fully cooperate with the ODC in one investigation. The disciplinary board found that the attorney’s misconduct was knowing and caused actual harm to his clients by depriving them of funds for a lengthy period of time. For this misconduct, we suspended the attorney from the practice of law for one year, with all but thirty days deferred, followed by a one-year period of unsupervised probation with conditions.
Based on the jurisprudence cited by the board, as well as Torry, we will accept the disciplinary board’s recommendation and suspend respondent from the practice of law for two years.
lc,DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Frank T. Fradel-la, Louisiana Bar Roll number 18896, be and he hereby is suspended from the practice of law for two years. It is further ordered that respondent resolve the fee dispute with his client through the Louisiana State Bar Association’s Lawyer Fee Dispute Resolution Program. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In 2006, respondent was admonished by the disciplinary board for violating Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 8.4(a)(violation of the Rules of Professional Conduct), and 8.4(c)(engaging in conduct in *651 volving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.

. Respondent’s father died in February 2010, at which time he moved his elderly mother into his home to care for her. In addition, respondent’s sister-in-law died of cancer in April 2010, leaving respondent's brother to raise the couple's young twin boys.

. Subsection (f)(5) of Rule 1.5 specifically references an attorney’s duty to refund an unearned fee. As such, it would have been more appropriate for the ODC to allege a violation of Rule 1.5(f)(5) with respect to respondent’s failure to refund an unearned fee.

. In his answer to the complaint, respondent, through his attorney, stated that he has always been willing to reconcile the funds that were paid to him and raised the prospect of utilizing the Louisiana State Bar Association's ("LSBA") Fee Dispute Resolution Program. However, during his sworn statement, respondent admitted that he had not filed a fee dispute form with the LSBA.

. The board did not cite any cases that were directly on point, but determined that the sanction recommended by the committee is harsh in light of the court’s jurisprudence in In re: Cucci, 11-2202 (La.3/13/12), 85 So.3d 62, and In re: Jones, 11-1038 (La.1/24/12), 85 So.3d 15. In Cucci, a case involving nine counts of misconduct, the court imposed a three-year suspension upon an attorney for making dishonest or misleading statements to his clients by guaranteeing a particular outcome in their cases, failing to disburse client funds, failing to refund unearned fees and charging excessive fees, failing to provide his clients with requested accountings, and failing to cooperate with the ODC in several investigations. In Jones, the court imposed a three-year suspension, with one year deferred, upon an attorney who was retained to open a succession, but was terminated prior to the filing of any pleadings, and failed to refund the $10,000 fee advancement.