PER CURIAM.
| t This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Ali Zito Shields, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed two sets of formal charges against respondent under disciplinary board docket numbers 12-DB-038 and 13-DB-053. Respondent answered the first set of formal charges. Prior to a formal hearing in the matter, the parties filed a joint stipulation of facts and rule violations. The matter then proceeded to a hearing in mitigation. Respondent did not answer the second set of formal charges, and the factual allegations contained therein were deemed admitted. In June 2014, the matters were consolidated by order of the disciplinary board. The disciplinary board then filed in this court a single recommendation of discipline encompassing both sets of formal charges.

U12-DB-038

In December 2010, Melinda Miranda hired respondent to handle her divorce, paying her $1,500. On December 21, 2010, respondent prepared the necessary pleadings[2] and e-mailed them to Ms. Miranda for filing with the court. In the email message, respondent instructed her client to “sign my name on Attorney lines and on Notary lines” of the pleadings prior to filing them with the clerk of court. In response to the disciplinary complaint lodged against her, respondent acknowl *616 edged giving these instructions to Ms. Miranda.
Ms. Miranda did not file the pleadings prepared by respondent. In August 2011, Ms.' Miranda requested that respondent return her file and refund the fee she paid for the representation. Respondent failed to comply with these requests and failed to provide Ms. Miranda with an accounting of the time she expended on the case. In a letter dated May 8, 2012 and sent to respondent by certified mail, the ODC advised respondent that she may have violated the Rules of Professional Conduct by instructing Ms. Miranda to sign her name to pleadings and to sign her name as notary prior to submitting the pleadings to the clerk of court. Respondent received the certified mail on May 9, 2012, but failed to respond.
The ODC alleged that respondent’s misconduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.15 (safekeeping property of clients and third persons), 1.16 (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
13As previously noted, respondent answered the formal charges filed against her in 12-DB-038, and the matter was set for a formal hearing on the merits. Prior to the hearing, however, the parties filed a joint stipulation in which respondent stipulated to the facts and rule violations in the formal charges. The matter then proceeded to a hearing in mitigation.
In her testimony at the mitigation hearing, respondent explained that she prepared the divorce pleadings for Ms. Miranda and e-mailed them to her so that they could be filed on an expedited basis in light of an impending filing of similar divorce pleadings by Ms. Miranda’s husband. As to her failure to return the file, respondent testified that there was no “file” to deliver to Ms. Miranda beyond the draft, unsigned pleadings, which Ms. Miranda already had.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee accepted the joint stipulation filed by the parties. The committee also made additional factual findings that are generally consistent with the underlying facts set forth above and made the following additional findings:
Respondent acknowledged having sent an e-mail to Ms. Miranda with pleadings attached in which she instructed her client that the client should sign respondent’s name to the pleadings and as notary public. The committee found this conduct violated Rules 8.4(a) and 8.4(c) of the Rules of Professional Conduct.
The parties agree that Ms. Miranda paid respondent a $1,500 fee in connection with the representation, but there was no written engagement letter or contract between them and there is some disagreement over the nature and scope of the engagement. Regardless, respondent owes Ms. Miranda an accounting for the work she performed. To the extent the work consisted of nothing more than a one-hour initial meeting and the preparation of documents that were e-mailed to Ms. |4Miranda but never filed, some amount of the fee may be required to be refunded to Ms. Miranda, particularly since respondent never accomplished the objective of the representation before the representation was terminated.
As to the allegation that respondent failed to deliver Ms. Miranda’s file, the committee found there were no notes, letters, or reports of investigation that would *617 have benefitted Ms. Miranda’s successor counsel beyond the draft, unsigned pleadings that respondent had prepared and emailed to Ms. Miranda on December 21, 2010. Nevertheless, the committee felt it was bound by respondent’s stipulation that she failed to return Ms. Miranda’s file. The committee therefore concluded that respondent violated Rules 1.15 and 1.16 by failing to provide her client with an accounting and by failing to return her client’s file.
Respondent stipulated that she failed to cooperate with the ODC in its investigation, in violation of Rule 8.1(c); however, the committee declined to find a violation in this regard.
The committee determined that respondent negligently and knowingly violated duties owed to her clients and the legal system. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction ranges from reprimand to suspension.
In aggravation, the committee found substantial experience in the practice of law (admitted 1997). In mitigation, the committee found the absence of a prior disciplinary record and absence of a dishonest or selfish motive. The committee also noted respondent’s remorse for giving improper instructions to her client with respect to the signing of the pleadings, and she now acknowledges the wrongful conduct. Respondent’s failure to return the client’s file, provide an accounting, or attempt to make restitution of the amount of the unearned fee potentially in dispute is a result of a good-faith, although misguided, interpretation of her fee agreement |5with the client and her failure to properly respond to the client’s request for an accounting.
Considering these findings, the committee recommended respondent be suspended from the practice of law for six months, fully deferred, subject to one year of unsupervised probation. The committee also recommended respondent be ordered to provide an accounting to Ms. Miranda and initiate proceedings with the Louisiana State Bar Association’s (“LSBA”) Fee Dis-' pute Resolution Program. The committee further recommended that respondent attend the LSBA’s Ethics School and pay all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

13-DB-053

In March 2012, Tom and Patricia Sanders hired respondent to represent their son Shawn in a criminal matter, paying her $6,000. After receiving the final payment, respondent became increasingly difficult to contact and rarely returned calls. In April 2012, Mr. and Mrs. Sanders were served with a notice of Shawn’s arraignment. They informed respondent about the arraignment date, which was set for May 23, 2012, but respondent failed to appear. Respondent also did not file any pleadings to enroll as Shawn’s counsel. Mr. and Mrs. Sanders then contacted respondent to terminate the representation and request a refund. Respondent indicated no refund was due and refused to provide an accounting or return any fees. She claimed the fee was fully earned because she had arranged for a bond reduction on behalf of Shawn. Mr. and Mrs. Sanders had to retain other counsel to resolve the criminal matter.
The ODC alleged that respondent’s misconduct violated Rule 1.16 of the Rules of Professional Conduct.
|fiAs previously noted, respondent failed to answer the formal charges filed against her in 13-DB-053. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and *618 convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual allegations of the formal charges were admitted and proven by clear and convincing evidence. The committee also made factual findings consistent with the underlying facts set forth above. Based on these facts, the committee determined respondent violated Rule 1.16 of the Rules of Professional Conduct.
The committee further determined respondent knew or should have known that she was dealing improperly with client property, which dealings caused injury to the client. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee concluded the baseline sanction is suspension. The committee found no aggravating factors present. In mitigation, the committee found the absence of a prior disciplinary record.
After further review of all the evidence of record in this matter, the committee recommended respondent be suspended from the practice of law for eighteen months. The committee also recommended respondent be ordered to arbitrate the fee dispute and provide restitution to Mr. and Mrs. Sanders.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.
| gDisciplina'ry Board Recommendation

12-DB-038 and 13-DB-053

After reviewing the consolidated matters, the disciplinary board determined the factual findings of the hearing committee in 12-DB-038 are not manifestly erroneous and are supported by the stipulations of the parties and the evidence in the record. The board determined the factual allegations in 13-DB-053 have been deemed admitted and proven and that the hearing committee’s factual findings are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of the allegations. The board concluded that respondent violated the Rules of Professional Conduct as alleged in both sets of formal charges.[3]
The board determined respondent violated duties owed to her clients, the public, and the legal system. Respondent stipulated to acting intentionally in 12-DB-038 by instructing her client to sign respondent’s name as notary on the pleadings in question and knowingly by failing to render an accounting or return her client’s file. Respondent’s actions caused potential injury to the legal system and the public and caused actual injury to her client. Respondent knowingly, if not intentionally, violated a duty to her clients in 13-DB-053 by failing to refund an unearned fee or provide an accounting of the earned fees, causing actual harm to her clients. Considering the ABA’s Standards for Imposing Lawyer Sanctions, the board *619 concluded the baseline sanction is suspension.
In aggravation, the board found a dishonest or selfish motive, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with |sthe rules or orders of the disciplinary agency (as to 13-DB-053), and substantial experience in the practice of law (admitted 1997). In mitigation, the board found the absence of a prior disciplinary record and remorse (as to 12-DB-038).
After further considering this court’s prior jurisprudence addressing similar misconduct, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent be ordered to engage in fee arbitration with Ms. Miranda and Mr. and Mrs. Sanders through the LSBA’s Fee Dispute Resolution Program. Finally, the board recommended respondent be assessed with the costs and expenses of this matter.
Neither respondent nor the ODC filed an objection to the disciplinary board’s report and recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In this matter, respondent instructed a client that the client should sign respondent’s name on the attorney and notary lines of pleadings to be filed with a court, failed to return a client file, failed to provide an accounting, failed to refund an unearned fee, and failed to cooperate with the ODC in an investigation. This conduct violated the Rules of Professional Conduct as charged.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain |9high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
The record supports a finding that respondent violated duties owed to her clients, the public, and the legal system, causing actual and potential harm. Respondent’s conduct was both knowing and intentional. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating and mitigating factors found by the board.
Considering the circumstances of this matter, we find the sanction recommended by the board to be appropriate. Therefore, we will suspend respondent from the practice of law for one year and one day. Prior to submitting an application for reinstatement to the practice of law, respondent shall refund in full the legal fees paid by Ms. Miranda and Mr. and Mrs. Sanders.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Ali Zito Shields, Louisiana Bar Roll number 25247, be and she hereby is suspended from the practice of law for one year and one day. Prior to submitting an application for reinstate *620 ment to the practice of law, respondent shall refund in full the legal fees paid by Melinda Miranda and Tom and Patricia Sanders. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent has been ineligible to practice law since May 31, 2013 for failure to comply with the mandatory continuing legal education requirement. Respondent is also ineligible for failure to pay her bar dues and the disciplinary assessment and for failure to file a trust account disclosure form.

. The pleadings include: (1) the petition for a 103 divorce and other incidental matters; (2) an affidavit of verification; (3) an order; (4) a motion to proceed in forma pauperis; (5) a pauper affidavit; (6) a mover's affidavit; (7) a third-party affidavit; and (8) a letter forwarding the same to the clerk.

. The board found the committee erred in concluding respondent did not violate Rule 8.1(c) in 12-DB-038, as respondent stipulated to that violation, and the committee and the board are bound to abide by the stipulation unless it is withdrawn. See In re: Torry, 10-0837 (La. 10/19/10), 48 So.3d 1038, in which the court held that "[i]n a disciplinary proceeding, the parties are free to enter into such stipulations, and effect must be given to them unless they are withdrawn.”