*120 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM.
| ¶ This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Frank T. Fradella, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current matter, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1988. In 2006, respondent was admonished by the disciplinary board for a lack of diligence and engaging in conduct involving dishonesty, fraud and misrepresentation.
In In re: Fradella, 13-0461 (La.4/26/13), 116 So.3d 649 (“Fradella I”), respondent was engaged in March 2008 to represent a client in a foreclosure matter, receiving $17,550 in advance costs and fees in con *121 nection with the representation. Respondent deposited these funds into his operating account, rather than his client trust account. In March 2009, prior to the completion of the representation, respondent’s client terminated his services. The client requested a refund of the cost and expense deposits, to no avail, although respondent’s final billing was far less than the amount he had received from his client. In January 2011, after a disciplinary complaint was filed by the client, the ODC obtained respondent’s sworn statement. During the statement, respondent acknowledged | ¡.that he was overpaid, that he likely owed a refund to his client, that he remained in possession of disputed funds, and that he had not taken any steps to address the issue. In February 2012, the ODC filed formal charges against respondent. He failed to answer the formal charges, and the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence. On April 26, 2013, this court suspended respondent from the practice of law for two years.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
FORMAL CHARGES
Charles Cousin retained respondent in March 2009 to file a civil suit against Dow Chemical Company and other corporations, paying him an attorney’s fee of $3,000 in cash. Despite accepting Mr. Cousin’s representation, respondent did not file suit on his behalf.[1]
In March 2012, Mr. Cousin filed a complaint against respondent with the ODC. In February 2013, Mr. Cousin requested that respondent return his file and refund the $3,000 fee he paid. Respondent returned Mr. Cousin’s file in April 2013 but has not yet refunded the fee to Mr. Cousin.
Respondent failed to answer the com-' plaint filed by Mr. Cousin, necessitating the issuance of a subpoena to obtain his sworn statement. During his April 18, 2013 sworn statement, respondent testified that he had worked on Mr. Cousin’s case but that he did not have documentation showing an accounting of his time in the matter. He acknowledged having received $3,000 in cash from Mr. Cousin on March 24, 2009, with attorney’s fees to be charged at the rate of $150 |sper hour, as evidenced by the receipt attached to the initial complaint. Respondent admitted he did not file any pleadings on Mr. Cousin’s behalf but denied Mr. Cousin was due any refund, claiming that he had performed approximately $4,500 worth of work in the matter. Respondent was then asked to provide documentation of the hours expended by May 3, 2013. He was also specifically asked to provide a copy of the deposit slip relative to the $3,000 fee.
Respondent failed to provide any of the additional information sought. Therefore, another subpoena was issued on July 1, 2013. Efforts to serve respondent with the subpoena were unsuccessful. A third subpoena was issued on July 25, 2013, but this subpoena was likewise unable to be served. Accordingly, respondent was placed on notice that the ODC intended to subpoena records from the two banks where he maintained client trust accounts. After receiving the records, the ODC determined there was no evidence that respondent had deposited into a client trust *122 account the $8,000 in cash he acknowledged receiving from Mr. Cousin.
DISCIPLINARY PROCEEDINGS
In March 2014, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.15 (safekeeping property of clients or third persons), 1.16 (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violating or attempting to violate the Rules of Professional Conduct) of the Rules of Professional Conduct.
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rulé XIX, § 11(E)(3). No formal 14hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After reviewing the ODC’s deemed admitted submission, the hearing committee found that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee found respondent violated the Rules of Professional Conduct as alleged in the formal charges. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction is disbarment.
In aggravation, the committee found a prior disciplinary record, a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution. The committee made no reference to mitigating factors.
After considering the court’s prior jurisprudence addressing similar misconduct, the committee recommended respondent be disbarred. The committee also recommended respondent be required to pay full restitution with legal interest to Mr. Cousin.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual ^allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined that respondent knowingly, if not intentionally, violated duties owed to his client and to the legal profession. He caused actual injury to Mr. Cousin by failing to advance his case and by failing to refund a total of $3,000 in unearned fees, or otherwise show his client an accounting of the hours he spent working on the matter. Furthermore, respondent’s failure to cooperate with the ODC caused that office to expend additional resources prosecuting the case. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction is disbarment.
In aggravation, the board found a prior disciplinary record, a dishonest or selfish *123 motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and indifference to making restitution. The board found that no mitigating factors are present.
After reviewing prior jurisprudence involving similar misconduct, the board recommended respondent be disbarred. The board also recommended respondent be required to pay restitution with judicial interest to Mr. Cousin. The board further recommended respondent be assessed with the costs and expenses of this proceeding.'
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
| ^DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter indicates that respondent neglected his client’s legal matter, failed to place an advance payment of fees into his client trust account, failed to return $3,000 in unearned fees or provide an accounting to show that the fees were earned, and failed to cooperate with the ODC in its investigation. As such, he has violated the Rules of Professional Conduct as charged.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 7So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record supports a finding that respondent knowingly violated duties owed to his client and the legal profession. His misconduct caused actual harm to his client and the legal profession. The applicable baseline sanction in this matter is disbarment. The aggravating factors found by the disciplinary board are supported by the record, and no mitigating factors are identifiable.
In recommending disbarment, both the hearing committee and the disciplinary board appear to have overlooked the fact *124 that respondent’s misconduct in this matter occurred in the same time frame as the misconduct at issue in Fradella I. Under these circumstances, the sanction should have been analyzed under Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991). In Chatelain, we noted that because an attorney cannot control the timing of the institution of disciplinary proceedings, it is generally inappropriate to impose additional discipline upon the attorney for misconduct that occurred before or concurrently with the violations which resulted in the initial disciplinary proceeding. Rather, in that situation, “the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.”
In Chatelain, we were concerned that it would be potentially unfair for a lawyer to receive a greater sanction simply because of the timing of the prosecution. However, as the jurisprudence has evolved, we have also recognized that the lawyer should not benefit in cases where it is obvious that the cumulative effect of the new misconduct and the prior misconduct would have resulted in a greater sanction had the court been aware of that misconduct at the time of the initial judgment. See, e.g., In re: Holley, 03-1366 (La.10/3/03), 856 So.2d 1197 8(“[h]ad we considered the instant misconduct together with the misconduct in Holley I, it is likely we would have imposed a more severe sanction, probably in the range of eighteen months, with some period of deferral and probation.”). In short, our overriding consideration has been to determine the appropriate overall sanction for the lawyer’s misconduct, ignoring any distortions which may be caused by the timing of the filing of formal charges.
Applying that reasoning to the instant matter, we find that the current formal charge, based on misconduct which occurred in 2009, is part of the continuing series of professional breaches by respondent spanning the period between 2008-2009 which the court first addressed in Fradella I. Furthermore, in both cases the failure to refund unearned fees continued throughout the pendency of the disciplinary proceedings, which took place in 2012-2014. To consider the current matter in isolation from the similar charges in Fra-della I would prevent us from recognizing respondent’s pattern of serious misconduct. Accordingly, we conclude it is appropriate to consider the instant charges together with the charges at issue in Fra-della I and determine an appropriate sanction as if both cases were before the court simultaneously.
In Fradella I, we found respondent failed to deposit $17,550 in fee and expense advancements into his client trust account and failed to return the unearned and unused portions to his client, even after a dispute arose and respondent acknowledged that he may owe his client a refund. The sole mitigating factor was personal and emotional problems during the time of the misconduct.
In the instant proceeding, respondent also failed to deposit client funds into his trust account. The amount of funds at issue — $3,000—is smaller than that at issue in Fradella I, but respondent has not made any efforts to cooperate with the ODC in its investigation of the new misconduct, nor has he complied with his client’s requests for a refund of the fee.
| gUnder these circumstances, and in light of Chatelain, it is apparent that if we had considered the misconduct in both the instant case and Fradella I together, the two-year sanction imposed in Fradella I would have been too lenient. Instead, we likely would have disbarred respondent at that time. We will therefore adopt the board’s recommendation and disbar re *125 spondent, retroactive to April 26, 2013, the date of his suspension in Fradella I. We will also order respondent to make full restitution with interest to Mr. Cousin.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Frank T. Fradel-la, Louisiana Bar Roll number 18896, be and he hereby is disbarred, retroactive to April 26, 2013, the date of the suspension imposed in In re: Fradella, 13-0461 (La.4/26/13), 116 So.3d 649. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall make full restitution with interest to Charles Cousin. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. According to the complaint, Mr. Cousin asked respondent several times when he was going to file the suit, and respondent stated that he had not yet done so because "these are large corporations and he is by himself and that he has to be ready" because "after he files suit they will paper him to death.”