ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James S. Denhollem, an attorney licensed to practice law in Louisiana.
*489 UNDERLYING FACTS AND DISCIPLINARY PROCEEDINGS
Between February 1999 and August 2000, respondent was a member of the Shreveport law firm of Casten & Pearce. Beginning in June 1999 and continuing through mid-April 2000, respondent misappropriated $17,135.97 from the firm’s clients. Specifically, respondent endorsed seven checks payable to the law firm on behalf of its clients and converted the funds to his own use.[1] Upon discovering respondent’s misconduct, Theodore J. Cas-ten filed a complaint against respondent with the ODC. In his September 18, 2000 correspondence, Mr. Casten noted that respondent had voluntarily ceased engaging in the practice of law and had made full and complete restitution to the clients whose funds were converted.[2] By letter to the |j>ODC dated October 12, 2000, respondent admitted the “factual allegations set forth in the complaint are true.” He also asked to be permitted to resign from the practice of law as expeditiously as possible.
In November 2000, respondent filed a petition in this court, again admitting his misconduct and formally seeking to resign from the practice of law in lieu of discipline. The ODC concurred in the petition. We took the matter under advisement pending the adoption of a specific rule governing resignations from the practice of law by attorneys against whom disciplinary proceedings are pending. Supreme Court Rule XIX, § 20.1, entitled “Permanent Resignation from the Practice of Law in Lieu of Discipline,” was enacted effective July 5, 2001. On September 19, 2001, we denied respondent’s petition, but reserved to him the opportunity to refile his petition pursuant to the newly enacted rule. In re: Denhollem, 00-3104 (La.9/19/01), 801 So.2d 1058.
Inexplicably, respondent chose not to refile his petition for permanent resignation. Accordingly, on November 28, 2001, the ODC filed one count of formal charges against respondent, alleging that his conduct in the underlying matter violated the following provisions of the Louisiana Rules of Professional Conduct: 1.15(a) (safekeeping property of clients or third persons), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The formal charges were served upon respondent by certified mail received on December 14, 2001.[3]
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and hproven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity *490 to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.
Respondent filed nothing for the hearing committee’s consideration. In its submission, the ODC argued that respondent is guilty of conversion of client funds, dishonesty, and deception. The ODC suggested that respondent’s conduct was intentional and caused significant monetary injury to his clients. Considering the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence, the ODC argued that the baseline sanction for respondent’s misconduct is disbarment. The ODC suggested several aggravating factors are present in this ease, including dishonest or selfish motive, pattern of misconduct, and substantial experience in the practice of law (admitted 1980), but conceded the applicability of three mitigating factors, namely absence of a prior disciplinary record, restitution, and remorse. Nevertheless, the ODC concluded that the aggravating factors outweigh or offset the mitigating factors. Based on this reasoning, the ODC argued that disbarment is the appropriate sanction.
Following its consideration of the matter, the hearing committee recommended a lengthy suspension from the practice of law. The ODC filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3), and that respondent 14violated the Rules of Professional Conduct as charged. The board determined respondent intentionally violated duties owed to his clients and the legal profession, resulting in significant injury to his clients. On seven occasions, respondent endorsed checks payable to his law firm, cashed them or deposited them into his personal bank account, and converted the proceeds to his own use. Although respondent subsequently made restitution to his clients, they were deprived of funds rightfully belonging to them until restitution was accomplished. The board concluded the baseline sanction for respondent’s misconduct is disbarment.
The board found the record supports a finding of the following aggravating factors: dishonest or selfish motive, pattern of misconduct, multiple offenses, and substantial experience in the practice of law. In mitigation, the board recognized the absence of a prior disciplinary record, personal or emotional problems, restitution, and remorse.
In light of these considerations, the ABA’s Standards for Imposing Lawyer Sanctions, and the prior jurisprudence, the board concluded the sanction proposed by the committee is inappropriate. Accordingly, the board recommended that respondent be disbarred. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
The deemed admitted facts in this case establish that over a ten-month period, respondent converted $17,135.97 from the clients of his former law firm. Therefore, | ¡¿he sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
*491 In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conversion of client funds is clearly serious in nature. In Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), we explained the typical elements which are found in a disbarment case based on conversion:
In a typical case of disbarment for violation of DR 9-102 [now Rule 1.15], one or more of the following elements are usually present: the lawyer acts in bad faith and intends a result inconsistent with his client’s interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings.
In the instant case, respondent’s actions plainly indicate he acted in bad faith and intended a result inconsistent with his clients’ interests. He retained for his own use more than $17,000 in funds his former law firm had received on behalf of the clients, thereby causing actual damage to the clients and to the law firm. While the funds have been repaid, this case nonetheless falls on the higher end of the Hinrichs range. Considering the ■ aggravating factors present in this case, the disciplinary board’s recommendation of disbarment is appropriate.
|J)ECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of James Scott Denhollem, Louisiana Bar Roll number 4871, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The seven checks represented cost refunds from the De Soto Parish Clerk of Court, a seizure account disbursement from the Bossier Parish Sheriff's Office, and funds paid by an insurance company in satisfaction of an intervention filed by respondent on behalf of a client.

. Mr. Casten also observed that respondent had been treated for several years for chronic depression, and that he had stopped taking his medication in the six to nine months prior to his termination from the firm. According to Mr. Casten, respondent’s family and physicians had assured the firm "that there was no criminal intent on his part and that in fact these were actions consistent with his deep depressive state.” However, there is no medical evidence in the record to prove that respondent is affected by a mental disability or that his alleged mental disability caused the misconduct at issue.

.The return receipt card was signed by respondent personally.