PER CURIAM.
_JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Keri Glenn Armstrong, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES

Count I

In July 2011, Danielle Magee hired respondent to represent her in a Chapter 13 bankruptcy proceeding. Ms. Magee advised respondent that she had student loans and owed back taxes to the State of New York. Respondent instructed Ms. Magee that all back taxes needed to be filed prior to filing the bankruptcy, while the student loan issue would need to be settled in an adversarial proceeding.
Ms. Magee paid $2,000 for the adversarial proceeding and paid $274 toward the bankruptcy proceeding, agreeing to pay an additional $2,800 through the proceeding. After making six monthly installment payments totaling $1,464, Ms. Magee requested an appointment with respondent. During the appointment, respondent advised Ms. Magee to convert her bankruptcy to a Chapter 7 because the back taxes were old enough to be discharged in bankruptcy. Respondent charged Ms. Magee $600 for the legal work and agreed to deduct this amount from |?the $2,000 already paid for the adversarial proceeding. Ms. Magee followed respondent’s advice and converted the bankruptcy.
In August 2012, Ms. Magee received a discharge from her Chapter 7 bankruptcy. Thereafter, Ms. Magee began receiving notices from New York indicating she owed back taxes. When Ms. Magee inquired about this, respondent told her that New York had not yet received the discharge. Eventually, respondent reported to Ms. Magee that because she had not filed the back taxes two years before the discharge, the taxes were not dischargeable in bankruptcy. Ms. Magee was never informed about this requirement and converted the bankruptcy and filed the back taxes based on respondent’s advice.
During the bankruptcy proceeding, Ms. Magee informed respondent that she no longer wished to pursue the adversary proceeding. Ms. Magee contacted respondent’s office numerous times by phone and by e-mail requesting the remaining $1,400 from her deposit for the adversary proceeding be returned to her, but respondent refused to return the funds.
In February 2013, Ms. Magee filed a complaint against respondent with the ODC. In June 2013, the ODC forwarded a copy of the complaint to respondent at her primary and secondary registration addresses. No response was ever received from respondent, necessitating the issuance of a subpoena for her sworn statement. The sheriff’s office provided a return indicating that respondent’s secondary registration address is the location *820 of a vacant house. The ODC also received correspondence from respondent’s former employer advising that respondent no longer worked for the firm and that no one at the firm had a forwarding address for her.
| ¿Count II
Respondent formerly worked for the law firm of Simon, Fitzgerald, Cooke, Reed & Welsh. Respondent operated the firm’s Monroe office, which was closed in January 2013. After she left, the firm learned respondent was taking money that clients had paid to the firm for court costs and/or fees and used those funds for her own personal use rather than depositing them into the appropriate firm account.
During her employment, respondent handled the Chapter 13 bankruptcy cases of Margie P. Leverette and Anthony S. Profit. Ms. Leverette had given respondent money orders in the amounts of $400 and $200. Mr. Profit had given respondent a money order in the amount of $632. The orders were never received by the Trustees, and the cases were dismissed for lack of payment. The firm’s investigation revealed that respondent’s name had been substituted as payee on the money orders, which respondent had endorsed and cashed.
A report from the firm’s office manager indicates that respondent converted an additional $6,043 in ten other cases.
In July 2013, the firm filed a complaint against respondent with the ODC. In August 2013, the ODC forwarded a copy of the complaint to respondent at her primary and secondary registration addresses. The notices were returned marked “return to sender.” No response was ever received from respondent, necessitating the issuance of a subpoena for her sworn statement. Respondent could not be located for service of the subpoena.
DISCIPLINARY PROCEEDINGS
In November 2013, the ODC filed formal charges against respondent, alleging that her conduct as set forth above violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a)(3) (failure to keep a client reasonably informed about the status of a matter), 1.5(d) (failure to ptimely remit funds to a client or third person), 1.5(f)(5) (failure to refund an unearned fee), 8.1 (failure to cooperate with the ODC in its investigation), 8.4(a) (violating or attempting to violate the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After reviewing the ODC’s deemed admitted submission, the hearing committee found that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Based on these facts, the committee found respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined respondent violated duties owed to her clients and the *821 legal profession. She acted knowingly and intentionally, and her misconduct resulted in actual harm. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is disbarment.
In aggravation, the committee found a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and ^indifference to making restitution. The committee found no mitigating factors present.
After considering the court’s prior jurisprudence addressing similar misconduct, the committee recommended respondent be disbarred. The committee also recommended respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also found respondent violated the Rules of Professional Conduct as. alleged in the formal charges.
The board determined that respondent violated duties owed to her clients, the public, the legal system, and the legal profession. She accepted fees from her clients and failed to place the funds in her law firm’s account and/or failed to forward the funds to the appropriate bankruptcy trustee. This conduct was intentional and the conversion of funds from numerous sources caused injury to multiple clients. She knowingly failed to perform services for her clients and engaged in a clear pattern of conversion with respect to client funds. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the applicable baseline sanction is disbarment.
In aggravation, the board found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary | ñagency, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution. The sole mitigating factor found by the board was the absence of a prior disciplinary record.
After reviewing prior jurisprudence involving similar misconduct, the board recommended respondent be disbarred. The board also recommended respondent be required to pay restitution to her former employer and to any former clients not yet compensated for their losses. The board further recommended respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no addi *822 tional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
|7The record in this deemed admitted matter indicates that respondent neglected legal matters, failed to communicate with clients, and converted client funds. She also failed to cooperate with the ODC in its investigations. As such, she has violated the Rules of Professional Conduct as charged.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, .preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record further supports a finding that respondent knowingly and intentionally violated duties owed to her clients, the public, the legal system, and the legal profession. Her misconduct caused actual harm to several victims. The applicable baseline sanction in this matter is disbarment, both pursuant to the ABA’s Standards for Imposing Lawyer Sanctions and the seminal case of Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), which sets forth general guidelines for imposing discipline in a conversion case.[2] The aggravating and mitigating factors found by the disciplinary board are supported by the record.
In recommending disbarment, both the hearing committee and the disciplinary board cited the case of In re: Denhollem, 03-0935 (La.6/6/03), 849 So.2d 488. In Denhollem, we disbarred an attorney who endorsed seven checks | ^payable to his law firm on behalf of its clients and converted the funds totaling $17,135.97 to his own use. When confronted by one of the firm’s partners, the attorney made full restitution to the clients whose funds were converted. In imposing disbarment, we considered that the attorney had acted in bad faith and caused actual damage to the clients and to the law firm. We also considered several aggravating factors, including a dishonest or selfish motive, a pattern of misconduct, and multiple offenses.
Considering the prior jurisprudence of this court and the numerous aggravating factors present, we will adopt the board’s recommendation and impose disbarment. We further order respondent to pay resti *823 tution to her victims, including her former clients and her former employer.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Keri Glenn Armstrong, Louisiana Bar Roll number 29528, be and she hereby is disbarred. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be revoked. It is further ordered that respondent shall make restitution to her victims, including her former clients and her former employer. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent has been ineligible to practice law since September 9, 2013 for failure to pay her bar dues and the disciplinary assessment and for failure to file a trust account disclosure form. She is also ineligible for failure to comply with the mandatory continuing legal education requirement.

. Under Hinrichs, disbarment is warranted when one or more of the following elements are present: the lawyer acts in bad faith and intends a result inconsistent with his client's interest; the lawyer commits forgery or other fraudulent acts in connection with the violation; the magnitude or the duration of the deprivation is extensive; the magnitude of the damage or risk of damage, expense and inconvenience caused the client is great; the lawyer either fails to make full restitution or does so tardily after extended pressure of disciplinary or legal proceedings.