CRICHTON, J.,
concurs in part and dissents in part and assigns written reasons.
11 While I agree that respondent’s conduct warrants discipline, I believe that disbarment is an unduly lenient sanction. The facts of this case are egregious, and as such, respondent should be pérmanently disbarred.
The record reveals that among other misconduct, respondent converted client funds and failed to cooperate with the ODC in its investigations. Although the majority relies upon our decision in In re: Denhollem, 03-0985 (La.6/6/03), 849 So.2d 488, to support the imposition of disbarment, I note that in Denhollem, the respondent made full restitution to the clients whose funds he had converted. Here, respondent has not paid a penny of restitution to her victims, making Denhol-lem inapposite.
Given the pattern of misconduct in this case, and the resulting harm to clients, I would permanently disbar respondent and would not allow her the opportunity to apply for readmission to the practice of law in the future. Accordingly, I respectfully dissent.